IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:19-cv-00924-NCT-JLW

MICHAEL B. JONES,

    Plaintiff,

v.

CITY PLAZA, LLC, T.E. JOHNSON &
SONS, INC., and ONLINE INFORMATION
SERVICES, INC.

    Defendants.

**DEFENDANT ONLINE INFORMATION SERVICES INC.'s MEMORANDUM IN SUPPORT OF ITS MOTIONS TO DISMISS**

**NOW COMES** the defendant Online Information Services, Inc. ("Online") and, pursuant to L.R. Civ. P. 7.2, files and submits this Memorandum in Support of its contemporaneously filed Motions to Dismiss.

### I.   MATTER BEFORE THE COURT

The matters before the Court for ruling are Online's Motions to Dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Central to this matter is a dispute between a landlord and its tenant and whether the tenant owes the landlord $454.60 as a result of the tenant's early termination of his lease. On September 9, 2019, Michael B. Jones ("Plaintiff") filed this action against his former landlord, the landlord's property manager, and Online. The Complaint alleges that Online

1

is a debt collector and consumer reporting agency and that the property manager sent and reported the debt to Online.

The Complaint alleges that Online violated the Fair Debt Collection Practices Act, the North Carolina Collection Agency Act, and the Fair Credit Reporting Act. (Doc. No. 1). In addition, Plaintiff alleges his former landlord City Plaza, LLC ("City Plaza") and its property manager, T.E. Johnson & Sons, Inc. ("TEJ") violated the North Carolina Tenant Security Deposit Act and the North Carolina Debt Collection Practices Act. (Doc. No. 1). Both City Plaza and TEJ have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 12 and 14). Online moves to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS[1]

In May 2017, Plaintiff leased an apartment from City Plaza for a term which began June 30, 2017 and ended May 31, 2018. (Doc. No. 1 ¶¶ 22-23). On November 30, 2017, Plaintiff provided notice to City Plaza that he was terminating the lease early. (*Id.* at ¶¶ 26, 27). Plaintiff paid the December 2017 rent and vacated the apartment on December 19, 2017. (*Id.* at ¶¶ 28, 29). Subsequently, TEJ prepared the apartment for a new tenant. (*Id.*

---

[1] In assessing whether a claim is stated, the Court must treat the plaintiff's well-pled factual allegations as true. *Robinson v. American Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). The Court, however, does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,]... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

2

at ¶¶30, 33, 37). On January 30, 2018, TEJ sent Plaintiff an itemized bill which detailed the net costs associated with the preparation of the apartment for a new tenant after application of Plaintiff's deposit. (*Id.* at ¶33, 37).

After Plaintiff refused to pay the amounts owing, TEJ reported to Online that Plaintiff owed $454.60 and sent the debt to Online. (*Id.* at ¶¶ 50-51). Online thereafter reported the debt to the three major consumer reporting agencies. (*Id.* at ¶51). In November 2018, Plaintiff contacted Online and "specifically asked an Online employee for a copy of the ONLINE Rental Exchange file on him." (*Id.* at ¶¶60, 61). In February 2019, Plaintiff contacted Experian to dispute the debt. (*Id.* at ¶64). In April of 2019, Plaintiff directly disputed the debt with Online. (*Id.* at ¶¶ 67). Online continued to report the debt to TransUnion and Experian. (*Id.* at ¶69).

### III. QUESTIONS PRESENTED

A. Does the Complaint state a claim upon which relief may be granted pursuant to Section 1692e(8) of the federal Fair Debt Collection Practice Act (the "FDCPA")?

B. Does the Complaint state a claim upon which relief may be granted pursuant to the North Carolina Collection Agency Act, N.C. Gen. Stat. §58-70-1 *et seq?*

C. Should the Plaintiff's claims under the federal Fair Credit Reporting Act (the "FCRA") be dismissed?

### IV. ARGUMENT

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal and factual sufficiency of a claim. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*); *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). "A motion to dismiss may be granted in two ways: first by failing to state a valid legal cause of action, *i.e.*, a cognizable claim; or second, by failing to allege sufficient facts to support a legal cause of action." *Action NC v. Strach*, 216 F. Supp. 3d 597, 612 (M.D.N.C. 2016) (internal citations omitted). In order to survive a 12(b)(6) motion to dismiss, a plaintiff is obligated to provide the "grounds" of his "entitle[ment] to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

"[S]ubject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court.'" *Constantine v. Rectors & Visitors of Geo. Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id*. The Supreme Court has established that the "irreducible constitutional minimum of standing" includes three elements: (1) injury-in-fact; (2) a causal connection between the injury and the alleged misconduct; and

4

(3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

### A. The Complaint Fails to State a Plausible Claim under the FDCPA and Count III of the Complaint Should Therefore be Dismissed.

Plaintiff alleges that Online violated the FDCPA because it "communicated information about a debt which it knew or which it should have known to be bogus to TransUnion, Experian and Equifax in March or April 2019." (Doc. No. 1, ¶¶ 66, 83). The Complaint is devoid of any factual allegations specific as to what information Online reported to the consumer reporting agencies. Instead, the Plaintiff simply alleges that Online reported the debt to the three major consumer reporting agencies and continued to do so even after Plaintiff sent Online a letter "laying out why the $454.60 was bogus under North Carolina law." (Doc. No. 1, ¶¶ 51, 64, 67 and 69).[2]

Section 1692e of the FDCPA prohibits a debt collector from using any *false* representation in connection with the collection of a debt. 15 U.S.C. §1692e (emphasis supplied). Subsection (8) prohibits a debt collector from communicating to any person credit information that is known or should be known to be *false*. 15 U.S.C. §1692e(8) (emphasis supplied). Therefore, in order for the Complaint to state a plausible claim under the FDCPA, there must be factual allegations sufficient to suggest the information Online reported was, in fact, false. There are not.

---

[2] The Complaint does not make any allegations as to whether Online reported the account as disputed or not and any inferences regarding the same would be unwarranted.

5

Instead, Plaintiff's few well-pleaded facts defeat his FDCPA claim because the deposit was properly applied and the debt was in fact owed. As explained more fully by City Plaza and TEJ in their memoranda, the deposit was appropriately applied in accordance with the North Carolina Tenant Security Deposit Act and the debt was in fact owed. (Doc. Nos. 16 and 17). If the Court accepts the arguments of City Plaza and TEJ as to the handling of the tenant deposit, then the Court must necessarily dismiss Plaintiff's FDCPA claim because Online's reporting of the debt was accurate. Accordingly, Online incorporates by reference the well stated arguments asserted by City Plaza and TEJ with respect to Count I of the Complaint as if fully set forth herein and asserts that the deposit was properly applied to the amounts owed and the debt was rightfully owed. (Doc. No. 16, pp. 4-9; Doc. No. 17, pp. 4-9). Because Online accurately truthfully reported the debt conveyed by TEJ, the Complaint fails to state a claim pursuant to the FDCPA. Count III of the Complaint, therefore, should be dismissed because the Plaintiff has pleaded himself out of court.[3]

## B. The Complaint Fails to State a Plausible Claim under the North Carolina Collection Agency Act and Count IV Should Therefore be Dismissed.

Similarly, the Complaint fails to state a claim against Online pursuant to the North Carolina Collection Agency Act (the "NCCAA"). Plaintiff asserts that Online "made false

---

[3] Moreover, while not necessarily appropriate for consideration at this stage, Online is entitled to reasonably rely upon the information provided to it by the creditor and the FDCPA claim therefore will not ultimately survive.

6

accusations to credit reporting agencies that Mr. Jones had not paid a just debt, in violation of N.C. Gen. Stat. §58-70-95(3)." (Doc. No. 1, ¶ 86).

The sparse factual allegations contained in the Complaint do not support Plaintiff's claim. Like the FDCPA claim, this claim fails because, as explained by City Plaza and TEJ, the deposit was properly applied and the account was in fact due and owing. N.C. Gen. Stat. §58-70-95(3) prohibits a collection agency from "[m]aking or threatening to make *false* accusations to another person, including any credit reporting agency, that a consumer has not paid, or has willfully refused to pay a just debt." (emphasis supplied). As the account was in fact due and owing, Online's reporting was not false. Plaintiff therefore has not stated a claim under the NCCAA and Count IV should be dismissed.

**C. Count V of the Complaint Should be Dismissed Because it Fails to State a Plausible Claim under the FCRA and Because Article III Standing Has Not Been Established.**

Plaintiff's assertions with respect to Count V are two-fold: (a) first, that Online, as a consumer reporting agency, failed to investigate or acknowledge Mr. Jones' dispute as required by 15 U.S.C. §1681i; and (b) secondly, that Online, as a consumer reporting agency, violated 15 U.S.C. §1681j by failing to maintain a streamlined process and toll free number to allow Plaintiff to obtain a free copy of his credit report.

The purpose of the FCRA is to enforce accuracy and fairness of credit reporting among consumer reporting agencies. 15 U.S.C. §1681. Because the information reported was factually accurate and because Plaintiff did not allege a concrete and particularized injury in fact, his FCRA claims should be dismissed.

7

### 1. Plaintiff's section 1681i claim should be dismissed because the reported information was factually accurate and Plaintiff cannot collaterally attack the validity of the debt through the FCRA.

Plaintiff asserts that Online, as a consumer reporting agency, failed to investigate his dispute as required by 15 U.S.C. §1681i. The only well-pleaded facts as to this claim are as follows: (a) TEJ reported the debt to Online, as a consumer reporting agency, sometime in 2018 (Doc. No. 1, ¶ 50); (b) Plaintiff sent Online a letter in April 2019 "laying out in detail why the $454.60 was bogus under North Carolina law" (*Id.* at ¶ 67); and (c) Online failed to reinvestigate (*Id.* at ¶68). Aside from those three allegations, the Complaint does not contain any allegations that suggest that Online maintains a consumer reporting file on Plaintiff or that any adverse action was taken against Plaintiff by any user of a consumer report compiled by Online. Online therefore asserts that the Complaint does not meet the minimum pleading requirements as to the section 1681i claim and the same should be dismissed on that basis.

Further, to the extent the minimum pleading burden is met, the well-pleaded facts of the Complaint defeat Plaintiff's 1681i claim because the underlying tradeline was accurate and the 1681i claim is simply a collateral attack on the debt. Section 1681i sets out the requirements for how consumer reporting agencies are to conduct reinvestigations into disputed information. While the Fourth Circuit has not specifically addressed whether inaccuracy is an element of a violation of 15 U.S.C. §1681i, several of its district courts, as well as other circuits, have concluded that a claim under section 1681i necessarily requires that the reported information was factually inaccurate. *See Perry v. Toyota Motor*

8

*Credit Corp.*, 2019 U.S. Dist. LEXIS 12125 (W.D. Va. Jan. 25, 2019); *Alston v. Transunion*, 2014 U.S. Dist. LEXIS 159774 (D. Md. Nov. 13, 2014); *Dreher v. Experian Infor. Solutions, Inc.,* 71 F. Supp. 3d 572 (E.D. Va. 2014); s*ee also DeAndrade v. TransUnion,* 523 F.3d 61 (1st Cir. 2008). Because the information reported was factually accurate, the claim must fail.

The rationale behind this condition precedent is simple: "The FCRA aims to prevent inaccurate credit reporting; it is not a route for debtors to challenge the validity of underlying debts." *Perry* 2019 U.S. Dist. LEXIS 12125 at *14; *see also White v. Consumer Fraud Assistance,* 2016 U.S. Dist. LEXIS 194922, *11 (N.D. W. Va. Aug. 15, 2016) (where a consumer disputes the validity of an underlying debt with a CRA, such dispute is nothing more than an impermissible collateral attack against the creditor, which the CRA is neither qualified nor obligated to resolve under the FCRA); *Humphrey v. TransUnion LLC,* 759 Fed. Appx. 484 (7th Cir. 2019) (adopting the reasoning of *DeAndrade* "that a consumer may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure.); *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts."). In this instance, Plaintiff is disputing the legal validity of the debt and not the factual accuracy of the information reported. Because this is a collateral attack on the validity of the debt and not a factual inaccuracy, Plaintiff has failed to state a claim.

9

In *DeAndrade,* the Sixth Circuit emphasized that there must be a *factual* inaccuracy rather than a legal issue before a consumer reporting agency is obligated to reinvestigate. In that case, the consumer attacked the validity of the underlying mortgage. The *DeAndrade* Court noted that "[t]his is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency such as TransUnion is neither qualified nor obligated to resolve under the FCRA." *DeAndrade,* 523 F. 3d at 68. Similarly, the core of Plaintiff's dispute is not that Online inaccurately reported the factual information TEJ provided, but instead focuses on the legal validity of the debt. In fact, Plaintiff acknowledged this when he alleged that he sent Online a letter *"laying out in detail why the $454.60 was bogus under North Carolina law."* (Doc. No. 1 at ¶ 67). As in *DeAndrade,* Plaintiff "has crossed the line between alleging a factual deficiency that TransUnion was obliged to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency." *DeAndrade,* 523 F. 3d at 68; *see also Perry* at *14-15 (where consumer's dispute stemmed from whether his lease assumption agreement was included in his subsequent bankruptcy discharge). As such, the 1681i claim should be dismissed.

### 2. The Plaintiff Lacks Article III Standing to Prosecute His Claim under 15 U.S.C. §1681j and the Same Should be Dismissed Pursuant to Rule 12(b)(1).

Plaintiff does not have standing to bring his claim under Section 1681j because he has failed to allege an injury in fact. Accordingly, all such claims should therefore be dismissed.

The "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc.* 136 S. Ct. at 1547. An injury in fact is the first and foremost element of standing and requires a plaintiff show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). In discussing the element of concreteness, the Supreme Court has stated that, with regard to violations alleged under the Fair Credit Reporting Act ("FCRA"), the demands of Article III cannot be satisfied by alleging a bare procedural violation. A "bare procedural violation, divorced from any concrete harm" is not sufficient to establish standing. *Spokeo*, 136 S. Ct. at 1549.

The Complaint does not allege an injury in fact which is concrete or actual. Instead, Plaintiff alleges that Online's actions subjected Plaintiff to a hypothetical harm – specifically, the risk that Online would have a file on him that included false derogatory information that would likely lead to future adverse action ... without the opportunity to dispute and demand reinvestigation of the false, derogatory information beforehand." (Doc. No. 1, ¶63). However, as demonstrated above, Plaintiff cannot point to any false or derogatory information. Nor can Plaintiff tie his hypothetical risk of harm to any actual harm. Plaintiff has not alleged that any adverse action was taken based upon a creditor's reliance on Online's "file," that a creditor relied upon Online's "file" at all, or even any

11

detailed factual allegations that suggest Online had a "file."[4] Moreover, as discussed *supra*, Plaintiff could not have suffered any harm because any information reported was true. *Id.* at ¶ 63. Simply put, Plaintiff has not alleged anything beyond a bare procedural violation and has failed to allege an injury in fact that is concrete. Plaintiff therefore lacks standing to bring his section 1681j claim and the same should be dismissed.

## V. CONCLUSION

For the foregoing reasons, defendant Online Information Systems, Inc. respectfully requests the Complaint be dismissed.

This the 5th day of December, 2019.

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com

---

[4] Further, to the extent that Plaintiff asserts that Online violated the applicable regulatory provisions with respect to streamline procedures, Online respectfully submits that there is no private of right of action. The scope of a consumer reporting agency's liability to consumers is limited to their failure to comply with the FCRA and does not speak to the regulations. *See* 15 U.S.C. §§ 1681n and 1681o.

12

## CERTIFICATION OF WORD COUNT

The undersigned hereby certifies that the foregoing document does not exceed the word count set forth in L.R. Civ. Pro. 7.3. In making this certification, the undersigned relies upon the word count reported by its word processing software.

This the 5th day of December, 2019.

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following:

Jonathan R. Miller
Salem Community Law Offices
301 N. Main Street, Suite 2415
Winston-Salem, NC 27101
336-837-4437
Email: jmiller@salemcommunitylaw.com
*Counsel for Plaintiff*


John L. Wait
Wait Law, PLLC
846 West Fourth Street
Winston-Salem, NC 27101
336-714-0333
Email: john@wait-law.com
*Counsel for Defendant T.E. Johnson & Sons, Inc.*


Jack Bayliss
Rachel Scott Decker
Trisha L. Barfield
Carruthers & Roth, PA
235 N. Edgeworth Street
Greensboro, NC 27401
336-379-8651
Email: jbayliss@crlaw.com
      rsd@crlaw.com
      tlb@crlaw.com
*Counsel for Defendants City Plaza, LLC and T.E. Johnson & Sons, Inc.*


This the 5th day of December, 2019.

                                                /s/ Caren D. Enloe
                                                Caren D. Enloe

NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com

15

Case 1:19-cv-00924-NCT-JLW   Document 22   Filed 12/05/19   Page 15 of 15