UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:19-cv-00924

| | |
|---|---|
| MICHAEL B. JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPLY BRIEF OF DEFENDANTS** |
| ) | **CITY PLAZA, LLC AND T.E.** |
| CITY PLAZA, LLC, ) | **JOHNSON & SONS, INC.** |
| T.E. JOHNSON & SONS, INC., and ) | |
| ONLINE INFORMATION SERVICES, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

Defendants City Plaza, LLC ("City Plaza") and T.E. Johnson and Sons Inc. ("TEJ") submit the following Reply Brief to the Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss.

## ARGUMENT

### I. THE STATUTE SPECIFICALLY PROVIDES THAT THE TENANT'S SECURITY DEPOSIT CAN BE APPLIED TO NONPAYMENT OF RENT AND NO RENT WAS PAID FOR SIX DAYS.

Plaintiff's Complaint alleges that he leased the apartment through May 31, 2018, but vacated the premises in December 2017, paying rent through December 31, 2017. Plaintiff alleges and admits that the apartment was not re-rented to a new tenant until January 6, 2018. The apartment sat vacant and no rent was collected for six days. Plaintiff admits that Defendants City Plaza and TEJ prorated the rent due from Plaintiff for six days and itemized the amount due for nonpayment of rent on the accounting furnished to Plaintiff.

1

Defendants City Plaza and TEJ disagree with the lengthy academic argument about definitional statutes, dashes, damages and costs. Plaintiff's argument confuses and ignores the plain language of N.C.G.S. §42-51(a). These Defendants have already addressed §42-51(a)(5) in their briefs in support of their motions. For clarity, all eight categories of §42-51(a) are set forth below (emphasis added), as follows:

§42-51. Permitted uses of the deposit

(a) Security deposits for residential dwelling units shall be permitted only for the following:

> (1) The tenant's possible **nonpayment of rent** and costs for water or sewer services provided pursuant to G.S. 62-110(g) and electric service pursuant to G.S. 62-110(h).
>
> (2) Damage to the premises, including damage to or destruction of smoke alarms or carbon monoxide alarms.
>
> (3) Damages as the result of the nonfulfillment of the rental period, except where the tenant terminated the rental agreement under G.S. 42-45, G.S. 42-45.1, or because the tenant was forced to leave the property because of the landlord's violation of Article 2A of Chapter 42 of the General Statutes or was constructively evicted by the landlord's violation of G.S. 42-42(a).
>
> (4) Any unpaid bills that become a lien against the demised property due to the tenant's occupancy.
>
> (5) The costs of re-renting the premises <u>after breach</u> by the tenant, including any reasonable fees or commissions paid by the landlord to a licensed real estate broker to re-rent the premises.
>
> (6) The costs of removal and storage of the tenant's property after a summary ejectment proceeding.
>
> (7) Court costs.
>
> (8) Any fee permitted by G.S. 42-46.

(emphasis added)

In addition to "costs of re-renting," the other charge against the security deposit

itemized by the landlord was under §42-51(a)(1) for "nonpayment of rent" for a period of six days, until the landlord was able to rent the apartment again. The statute specifically addressing the category of charges to be applied against the security deposit clearly states that the tenant is responsible for "nonpayment of rent." There is no dispute that neither Plaintiff nor anyone else paid rent for the first six days in January 2018. The landlord can readily determine the days when it received no rent payment, up until the re-letting of the apartment, and pro-rate the rent due in the itemized accounting required by the statute and provided by Defendants in this case.

Nonpayment of rent is clearly established as the first item for which the landlord can retain a portion of the security deposit and is specifically itemized by the landlord as required by the statute.

The plaintiff's complicated argument is misdirected and ignores the straight forward categories set forth under §42-51(a). Defendants have not sought to charge Plaintiff's deposit under §42-51(a)(3) with "damages as a result of the nonfulfillment of the rental period…." Defendants agree that, in the event a new tenant actually pays a landlord a higher rent for the balance of the original lease term, then a landlord would not be entitled to recover "damages as a result of nonfulfillment of the rental period…." under §42-51(a)(3).[1] If a landlord was not able to collect rent amounting to at least as much owed by the breaching tenant in default, then a landlord would have "damages a result of the nonfulfillment of the rental period…." under §42-51(a)(3).

---

[1] There is no allegation in the Complaint that Defendants actually collected more from the "new tenant" than Plaintiff owed for the remaining five months of Plaintiff's lease term.

3

In summary, Defendants itemized charges under two specific categories under §42-51(a), neither of which is designated as "damages." Defendants properly itemized 6 days of rent as nonpayment of rent under §42-51(a)(1). Defendants properly itemized costs under §42-51(a)(5) for painting and cleaning, which are "typical" and were necessary to re-rent the premises in order to mitigate the damages "after breach." Defendants did not charge the tenant for "damages to premises" under §42-51(a)(2) and the plaintiff's argument regarding the limitation on "ordinary wear and tear" is misplaced, as discussed in Defendants' prior brief. Likewise, Defendants did not charge the tenant for "[d]amages as a result of nonfulfillment of the rental period, under §42-51(a)(3). Of course, there were no of "unpaid bills," "costs," "Court costs" or "fees" incurred by Defendants, so no charge was made under §42-51(a)(4), (6), (7) or (8).

The Defendants fulfilled the landlord's obligation under §42-52 to provide the tenant with a writing itemizing any damage, no later than 30 days after termination of the tenancy, and Defendants did not itemize charges for "damages" of any kind.

Defendants contend that "damages" proviso from §42-52, relied on so heavily by Plaintiff, does not limit charges for "nonpayment of rent" or "costs of re-renting…after breach." The word "damages" is different from the specifically described terms "nonpayment" and "costs" in §42-51(a)(1) and (5). As the Court is well aware, when interpreting a statute, a court is "to give effect to the words actually used in a statute and not to delete words used or to insert words not used." Lunsford v. Mills, 367 N.C. 618, 623, 766 S.E.2d 297, 301 (2014).

4

To the extent that there may be some conflict or ambiguity about whether or not the proviso that "[t]he landlord may not withhold as damages…[amounts] due to normal wear and tear nor... retain...an amount…which exceeds his actual damages" prevents a landlord from recovering for "nonpayment of rent" or "costs of re-renting," the rules of statutory construction favor the more specific descriptions and terms in the more specific statute entitled "§42-51 Permitted uses of the deposit" over the more general and undefined terms in the "§42-52 Landlord's obligations" statute. It is well established that where two statutes might apply to the same situation or overlap, the statute which deals more directly and specifically with the situation controls. Fowler v. Valencourt, 334 N.C. 345, 349, 435 S.E.2d 530, 532–33 (1993). Defendants properly interpreted and applied the statute on permitted uses of the tenant security deposit and COUNT ONE of the Complaint should be dismissed.

## II. DEFENDANTS COMPLIED WITH NORTH CAROLINA'S DEBT COLLECTION STATUTES.

Plaintiff argues that Defendants failed to comply with North Carolina's debt collection statute, N.C.G.S. §75-54(2) by failing to disclose they were attempting to collect a debt when notifying him of the accounting for the application of his security deposit. Plaintiff is confusing the federal and state statutes, as explained in Defendant City Plaza, LLC's initial brief. Under state law, as previously addressed in Defendants' prior briefs, Defendants complied with the requirements of the North Carolina statute and disclosed they were collecting a debt. No magic language is required under North Carolina law for the North Carolina statute. Defendants properly communicated with

5

Case 1:19-cv-00924-NCT-JLW   Document 25   Filed 01/10/20   Page 5 of 8

Plaintiff regarding his security deposit and the balance due Defendants and COUNT TWO of the Complaint should be dismissed.

## CONCLUSION

For the forgoing reasons, this Court should grant the motion to dismiss filed by Defendants City Plaza, LLC and T.E. Johnson & Sons, Inc.

Respectfully submitted, this the 10th day of January, 2020.

/s/ Jack B. Bayliss, Jr.
Jack B. Bayliss, Jr. (NCSB 8637)
jbayliss@crlaw.com
Rachel S. Decker (NCSB 22020)
rsd@crlaw.com
*Attorneys for Defendants City Plaza, LLC and TE Johnson & Sons, Inc.*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
Post Office Box 540
Greensboro, North Carolina 27402-0540
Telephone: 336-379-8651
Facsimile: 336-478-1175

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:19-cv-00924

| | | |
|---|---|---|
| MICHAEL B. JONES | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATION** |
| | ) | **OF WORD COUNT** |
| CITY PLAZA, LLC, | ) | |
| T.E. JOHNSON & SONS, INC., and | ) | |
| ONLINE INFORMATION SERVICES, | ) | |
| INC. | ) | |
| | ) | |
|    Defendants. | ) | |

I certify that the *Reply of Defendants City Plaza, LLC and T.E. Johnson & Sons, Inc.* (including the body of the brief, headings, and footnotes) complies with Local Civil Rule 7.3(d).

Respectfully submitted, this the 10th day of January, 2020.

                /s/ Jack B. Bayliss, Jr.
                Jack B. Bayliss, Jr. (NCSB 8637)
                jbayliss@crlaw.com
                Rachel S. Decker (NCSB 22020)
                rsd@crlaw.com
                *Attorneys for Defendants City Plaza, LLC*
                *and TE Johnson & Sons, Inc.*
                CARRUTHERS & ROTH, P.A.
                235 N. Edgeworth St. (27401)
                Post Office Box 540
                Greensboro, North Carolina 27402-0540
                Telephone: 336-379-8651
                Facsimile: 336-478-1175

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all parties to this action by electronically filing the same with the Clerk of Court using the CM/ECF system, which caused notification of such filing to be emailed to the following parties of record:

Jonathan R. Miller
Law Office of Jonathan R. Miller, PLLC
d/b/a Salem Community Law Office
717 S. Marshall St., Ste. 105F
Winston-Salem, NC  27101
jmiller@salemcommunitylaw.com
*Attorney for Plaintiff*

John L. Wait
Wait Law, PLLC
846 West Fourth Street
Winston-Salem, NC  27101
john@wait-law.com
*Attorney for Defendant T.E. Johnson & Sons, Inc.*

Caren D. Enloe
Smith Debnam Narron Drake
Saintsing & Myers LLP
P.O. Box 176010
Raleigh, NC  27619-6010
*Attorney for Defendant Online Information Services, Inc.*

This the 10th day of January, 2020.

/s/  Jack B. Bayliss, Jr.
Jack B. Bayliss, Jr.  (NCSB 8637)
jbayliss@crlaw.com
*Attorney for Defendants City Plaza, LLC and TE Johnson & Sons, Inc.*
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth St. (27401)
Post Office Box 540
Greensboro, North Carolina 27402-0540
Telephone: 336-379-8651
Facsimile: 336-478-1175