IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:19-cv-00924-NCT-JLW

MICHAEL B. JONES,

    Plaintiff,

v.

CITY PLAZA, LLC, T.E. JOHNSON &
SONS, INC., and ONLINE INFORMATION
SERVICES, INC.

    Defendants.

## DEFENDANT ONLINE INFORMATION SERVICES INC.'s REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTIONS TO DISMISS

**NOW COMES** the defendant Online Information Services, Inc. ("Online") and in reply to Plaintiff's Memorandum of Law in Opposition to Defendants ' Motions to Dismiss ("Plaintiff's Response"), respectfully shows the Court the following:

1. **Plaintiff Misconstrues *Burke v. Experian Info. Solutions, Inc.***

As acknowledged by the plaintiff, this case boils down to a legal issue   whether, under the North Carolina Tenant Security Deposit Act, a balance of $654.60 remained due and owing by plaintiff for nonpayment of rent. (Doc. No. 24, p. 4). The issue, as acknowledged by all parties, is a legal issue involving the proper interpretation of N.C.

1

Gen. Stat. §42-51.[1] Accordingly, Online has moved to dismiss plaintiff's section 1681i claim in part because the dispute presented to Online was a collateral attack on the underlying debt – "a legal issue that a credit agency… is neither qualified nor obligated to resolve." *DeAndrade v. TransUnion*, 523 F.3d 61 (1st Cir. 2008).

In opposition to Online's Motion to Dismiss, Plaintiff relies upon *Burke v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 28896 (E.D. Va. Mar. 18, 2011). While Plaintiff describes *Burke* as a rejection of the Ninth Circuit's holding in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010), it is not. *See Burke*, fn.5. Instead, the case is distinguishable on its face because it involved a *factual* inaccuracy and was not simply a collateral attack on the validity of the debt. In *Burke*, the disputed trade line was an account which had been settled and, as a term of the settlement agreement, was to be eliminated and removed from the consumer's credit report. When the creditor continued to report the debt, the consumer disputed the trade line with the consumer reporting agency, Experian. The dispute was therefore a factual dispute – whether the settlement agreement provided that the debt was eliminated and the trade line to be deleted. Thus, the Court noted that while a consumer reporting agency is not required to resolve the underlying merits of a legal dispute, it is required to determine whether the disputed information it was receiving from the creditor was accurate based on the *facts* collected. *Burke* at *22. Since *Burke*, other district courts in the Fourth Circuit have relied in part on *Carvalho* to conclude that

---

[1] By his own acknowledgement, plaintiff has contested the tradeline allegedly reported by Online by "*laying out in detail why the $454.60 was bogus under North Carolina law.*" (Doc. No. 1, ¶67).

a claim under section 1681i necessarily requires that the reported information is *factually* inaccurate and look unfavorably on collateral attacks on the underlying debt. *Perry v. Toyota Motor Credit Corp.,* 2019 U.S. Dist. LEXIS 12125 (W.D. Va. Jan. 25, 2019); *Alston v. TransUnion,* 2014 U.S. Dist. LEXIS 159774 (D. Md. Nov. 13, 2014); *White v. Experian Consumer Fraud Assistance,* 2016 U.S. Dist. LEXIS 194922 (N.D. W.Va. Aug. 15, 2016). Because the dispute presented to Online was a collateral attack on the underlying debt and because the information reported by Online was factually accurate,[2] plaintiff's 1681i claim should be dismissed.

### 2. Plaintiff Has Not Tied an Injury in Fact to His Alleged Violation of 1681j and the Claim Must be Dismissed.

1681j of the FCRA directs the CFPB to proscribe regulations that require nationwide consumer reporting agencies to establish a streamlined process for consumers to request consumer reports including, at a minimum a toll-free telephone number for such requests. 15 U.S.C. §1681j(a)(1)(C). Plaintiff alleges that Online violated section1681j by failing to maintain a streamlined process and toll-free number to allow plaintiff to obtain a free copy of his credit report. (Doc. No. 1, ¶89). Online has moved to dismiss the claim because the plaintiff does not have standing.

---

[2] The validity of the debt is detailed in the briefs filed by the codefendants and incorporated by reference by Online.

3

As noted by Justice Thomas in his concurring opinion in *Spokeo v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1553 (2016), Section 1681j is a regulatory duty owed to the public at large.

> A plaintiff seeking to vindicate a public right embodied in a federal statute, however, must demonstrate that the violation of that public right has caused him a concrete, individual harm distinct from the general population… Thus, Congress cannot authorize private plaintiffs to enforce public rights in their own names, absent some showing that the plaintiff has suffered a concrete harm particular to him.

*Id.* at 1553 (internal citations omitted). Elaborating on the concrete injury requirement, the Fourth Circuit has explained that "[a] concrete injury is 'de facto,' meaning that 'it must actually exist' and is 'real, and not abstract.'" *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 344 (4th Cir. 2017). "[A] statutory violation divorced from any real world effect" does not establish a concrete injury. *Id.* at 346.

Here, there is no injury alleged which is tied to Online's "failure to maintain a 'streamlined process' and toll-free number." Instead, while Plaintiff alleges that Online did not maintain a toll-free number or streamlined process, he was in fact able to call Online and request a copy of his report by calling the toll free number listed on Online's website. (Doc. No. 1, ¶¶ 57-62).

Moreover, the obligation to establish a streamlined process is a regulatory requirement and there is no private right of action. The scope of a consumer reporting agency's liability to consumers is limited to their failure to comply with the FCRA and does not speak to the regulations. *See* 15 U.S.C. §§ 1681n and 1681o; *see also Moreland v. Corelogic Saferent LLC*, 2015 U.S. Dist. LEXIS 192005 *14 (C.D. Cal. March 31, 2015)

4

("the scope of CRAs' liability to consumers is expressly limited to their failure to 'comply with any requirement *imposed under this subchapter.*'"). Because plaintiff has failed to plead a concrete injury in fact his claim under section 1681j must be dismissed.

For the foregoing reasons, defendant Online Information Systems, Inc. respectfully requests the Complaint be dismissed.

This the 13th day of January, 2020.

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com

5

## CERTIFICATION OF WORD COUNT

The undersigned hereby certifies that the foregoing document does not exceed the word count set forth in L.R. Civ. Pro. 7.3. In making this certification, the undersigned relies upon the word count reported by its word processing software.

This the 13th day of January, 2020.

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following:

Jonathan R. Miller
Salem Community Law Offices
301 N. Main Street, Suite 2415
Winston-Salem, NC 27101
336-837-4437
Email: jmiller@salemcommunitylaw.com
*Counsel for Plaintiff*


John L. Wait
Wait Law, PLLC
846 West Fourth Street
Winston-Salem, NC 27101
336-714-0333
Email: john@wait-law.com
*Counsel for Defendant T.E. Johnson & Sons, Inc.*


Jack Bayliss
Rachel Scott Decker
Trisha L. Barfield
Carruthers & Roth, PA
235 N. Edgeworth Street
Greensboro, NC 27401
336-379-8651
Email: jbayliss@crlaw.com
 rsd@crlaw.com
 tlb@crlaw.com
*Counsel for Defendants City Plaza, LLC and T.E. Johnson & Sons, Inc.*

This the 13th day of January, 2020.

/s/ Caren D. Enloe
Caren D. Enloe

NC State Bar No. 17394
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2100
cenloe@smithdebnamlaw.com